//
# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 17-CV-2804 (JFB)

---

MICHAEL C. DOLLISON,

Petitioner,

VERSUS

NASSAU COUNTY,

Respondent.

---

**MEMORANDUM AND ORDER**
August 2, 2019

---

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

Michael C. Dollison ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in New York state court. On April 30, 2014, after a bench trial, petitioner was found guilty of two counts of assault in the second degree, in violation of N.Y. Penal Law § 120.05(3), a class "D" felony; and one count of trespass, in violation of N.Y. Penal Law § 140.05, a violation as defined by N.Y. Penal Law § 10.00(3).[1] Petitioner was thereafter sentenced as a second felony offender to a determinate term of five years' imprisonment with five years of post-release supervision on the first second-degree assault charge and a concurrent determinate term of five years' imprisonment with five years of post-release supervision on the second second-degree assault charge.

In the instant habeas petition, petitioner challenges his conviction and sentence on the following grounds: (1) the failure of petitioner's trial attorney to investigate deprived petitioner of the effective assistance of counsel; (2) his trial attorney's additional failure to call unnamed witnesses deprived petitioner of the effective assistance of counsel; (3) not every police officer involved in the arrest testified at the pre-trial hearing or at trial; and (4) one of the arresting police officers, Officer Brendan Gibbs, testified

---

[1] N.Y. Penal Law § 10.00(3) ("'Violation' means an offense, other than a 'traffic infraction,' for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed.")

1

inconsistently regarding the time that he received the radio report notification of petitioner's trespass. For the reasons discussed below, petitioner's request for a writ of habeas corpus is denied in its entirety.

I.     BACKGROUND

A.  Factual Background

The following facts are adduced from the instant petition and underlying record.

Petitioner broke into a suite of offices in Valley Stream, New York, on November 12, 2012. (Resp. Aff., ECF No. 12, ¶ 5.) The break-in set off the office's security alarms, and the owner notified the police. (*Id.*) Nassau County Police Officer Anthony Henry arrived at the offices during the break-in, where he encountered petitioner. (*Id.* ¶ 6.) He confronted and questioned petitioner as to whether he had identification. (*Id.*) In response to Officer Henry's inquiry about identification, petitioner indicated that someone was waiting for him downstairs, and then ran. (*Id.*) Officer Henry radioed that he was in pursuit of petitioner on foot (*id.*) and subsequently, Nassau County Police Officers Brendan Gibbs and Rashaan Neubia came across petitioner a quarter block from the offices, and asked petitioner to stop (*id.* ¶ 7). After petitioner attempted to flee again, Officers Gibbs and Neubia pursued him, eventually catching him. (*Id.*) During the attempt to arrest petitioner, a struggle ensued between petitioner and Officers Gibbs and Neubia, which resulted in both officers suffering injuries. (*Id.* ¶¶ 8-9.)

B.  Procedural History

1.  Pre-Trial Motions

Prior to trial, in December 2012, petitioner filed a *pro se* motion to dismiss the indictment against him on the grounds that his right to a speedy trial had been denied. (ECF No. 12-15.) Subsequent to the denial of that motion, petitioner filed a *pro se* motion to renew and reargue the motion to dismiss the indictment against him on similar grounds. (ECF No. 12-16.) The state trial judge denied that motion in an oral decision at petitioner's trial. (T. 6.)[2]

Prior to trial, in November 2013, petitioner also filed a state petition for a writ of habeas corpus, arguing that his speedy trial rights had been violated, and claiming that he never gave his attorney permission to waive his speedy trial rights. (ECF No. 12-1.) Petitioner's application for a state writ of habeas corpus was denied on February 11, 2014. *People ex rel. Dollison v. Sposato*, 2014 N.Y. App. Div. LEXIS 9226 (2d Dep't Feb. 11, 2014). The New York Court of Appeals denied the motion for leave to appeal and petitioner's request for reargument of the motion. *People ex rel. Dollison v. Sposato*, 23 N.Y.3d 906 (2014); *People ex rel. Dollison v. Sposato*, 24 N.Y.3d 1064 (2014).

These motions and the state habeas petition are not relevant to petitioner's instant habeas petition before this Court.

2.  Pre-Trial Suppression Hearing

A pre-trial suppression hearing was held on March 11, 12, and 17, 2014. (ECF No. 12-23.) As is relevant to the instant petition, Officer Gibbs testified at this hearing regarding petitioner's arrest. (H. 26-46.)[3]

3.  Trial

During a two-day bench trial in April 2014, evidence was received by the court, including: the map of the area where the incident took place (T. 123); the arrest photo of petitioner (*id.*); certified medical records for Officer

---

[2] Citations to "T." refer to the transcript of petitioner's bench trial on April 29 and 30, 2014. (ECF No. 12-22.)

[3] Citations to "H." refer to the transcript of the suppression hearing. (ECF No. 12-23.)

Gibbs and Officer Neubia (T. 12); security footage of the office, and the suspect inside of the office (T. 93); testimony from Officer Anthony Henry who responded to the scene at the office building, pursued the suspect in the trespass when he ran from the office building, and transmitted a description of the suspect via the police radio dispatch system (T. 20-26); testimony from Officer Gibbs who, along with Officer Neubia, apprehended petitioner, sustained injuries during the arrest, and identified the suspect as petitioner at trial (T. 35-39, 44); testimony from Officer Neubia who also apprehended the trespass suspect, sustained injuries during the arrest, and identified the suspect as petitioner during trial (T. 69-73); and testimony from Kevin Rapp, the owner of RPG Consultants, the business that was the target of the trespass at issue in the underlying criminal case here, and who testified about the video footage of the trespass (T. 87, 90-95).

Following the bench trial, petitioner was found guilty of two counts of assault in the second degree in violation of N.Y. Penal Law § 120.05, as well as one count of trespass, in violation of N.Y. Penal Law § 140.05. (Resp. Aff. ¶ 13.) The trespass count was a lesser-included offense of the charged offense of burglary in the third degree. Because the court found the defendant guilty of felony assault, the court did not consider the charge of resisting arrest, a concurrent misdemeanor. (T. 113-14.)

4. Direct Appeal

Petitioner timely appealed his conviction. (Resp. Aff. ¶ 14.) The sole claim raised on appeal was that "the evidence [at trial] was legally insufficient to prove that either police officer suffered a physical injury within the meaning of Penal Law § 10.00 (9), as required for his conviction of two counts of assault in the second degree (*see* Penal Law § 120.05 [3])." *People* v. *Dollison*, 24 N.Y.S. 3d 672, 672 (2nd Dep't 2016). The Second Department concluded that the evidence was legally sufficient to support both convictions for assault in the second degree and that the convictions were not against the weight of evidence. *Id.* at 672-73. On April 8, 2016, the New York Court of Appeals denied petitioner's application for leave to appeal. *People* v. *Dollison*, 27 N.Y.3d 997 (2016).

5. Section 440 Motion

On May 17, 2016, petitioner filed a *pro se* motion in Supreme Court, Nassau County, to set aside his sentence pursuant to New York Criminal Procedure Law § 440.10 (the "Section 440 Motion"). (ECF No. 14-1.) In this motion, petitioner alleged "police/prosecutorial misconduct" and "defendant lack of competence." (*Id.* at 1.) Specifically, petitioner argued that "counselor den[ied] motion(s) without client consent," and "was inform[ed] that client ha[d] important documents so attorney/client can build a defence [sic]" and engaged in "unprofessional conduct." (*Id.* at 4.)

The trial court construed the Section 440 Motion as "focus[ing] on the alleged shortcomings of his fourth and final attorney, and on this Court's denial of his pretrial motion to relieve that attorney." (ECF No. 12-17.) The court denied petitioner's Section 440 motion on May 24, 2016, concluding that the "claim cannot be entertained in a CPL 440.10 motion because . . . it seems to rely on matters appearing on the record that consequently could have been raised on the defendant's direct appeal," and, therefore, the matter was barred by New York

Criminal Procedure Law § 440.10(2)(c).[4] (*Id.*)

Petitioner did not seek leave to appeal the denial to the Appellate Division, Second Department. Subsequent to his Section 440 Motion, petitioner made two additional motions in state court that are immaterial to petitioner's instant petition for a writ of habeas corpus.[5]

### 6. The Instant Petition

On February 21, 2017, petitioner, proceeding *pro se*, moved before the United States District Court for the Western District of New York for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The Court construes petitioner's stated grounds for relief to be as follows: (1) the failure of petitioner's trial attorney to investigate deprived petitioner of the effective assistance of counsel; (2) the trial attorney's additional failure to call unnamed witnesses deprived petitioner of the effective assistance of counsel; (3) not every police officer involved in the arrest testified at the pre-trial hearing; and (4) one officer testified to hearing the radio report of petitioner's trespass at different times at the pre-trial hearing and the trial. (Pet. at 4-5.)[6] On April 19, 2017, a transfer order was issued, transferring the petition to this Court because petitioner was challenging a judgment of conviction that was issued in Nassau County, which is located in this District, and the case was transferred on May 10, 2017. (ECF Nos. 6,7.) Respondent filed a memorandum of law opposing petitioner's application on October 23, 2017. (ECF No. 12.) Petitioner did not submit a reply.[7]

The Court has fully considered the parties' submissions, as well as the underlying record.

## II. STANDARD OF REVIEW

To determine whether petitioner is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect

---

[4] New York Criminal Procedure Law § 440.10(2)(c) states: "[T]he court must deny a motion to vacate a judgment when: Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him."

[5] Specifically, petitioner filed two *pro se* motions before the County Court of Nassau County to (1) refund petitioner for the expense of his DNA databank surcharge imposed on him at sentencing, arguing the charge was redundant; and (2) requesting the minutes from three court appearances in his case. (ECF No. 12-18.) The first motion was denied in a written opinion by the state trial judge. (ECF No. 12-21.) The second motion was removed from the calendar in a written order by the state trial judge because it was not a request for relief. (ECF No. 12-19.)

[6] Petitioner's grounds for relief are stated in the petition as follows: (1) "No investigation by attorney before pretrial for case by the fourth attorney"; (2) "Attorney didn't have other witnesses to testify for defendant defense in favor"; (3) "four officers didn't testify at trial or pretrial only two or three"; and (4) "PO Gibbs – people – direct/inconsistency P.O. Neubia during cross-examination." (Pet.)

[7] The Court received a letter from petitioner, filed May 22, 2019, seemingly requesting to be heard on the issues raised in his habeas petition (as well as several other issues beyond the scope of his habeas petition). (ECF No. 15.) The Court has determined that a hearing is not necessary to resolve the questions raised in petitioner's habeas petition.

to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly establish Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented by the State court proceedings.

28 U.S.C. § 2254. "Clearly established Federal law" is comprised of "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Green* v. *Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams* v. *Taylor*, 529 U.S. 362, 412 (2000)).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently that [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.*

AEDPA establishes a deferential standard of review: "a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decisions applied clearly established federal law erroneously or incorrectly. Rather, that application must be unreasonable." *Gilchrist* v. *O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 411). While "[s]ome increment of incorrectness beyond error is required. . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Id.* (quoting *Francis S.* v. *Stone*, 221 F.3d 100, 111 (2d Cir. 2000)). "If the federal claim was not adjudicated on the merits, 'AEDPA deference is not required, and conclusions of law and mixed feelings of fact and conclusions of law are reviewed *de novo*.'" *Dolphy* v. *Mantello*, 552 F.3d 236, 238 (2d Cir. 2009) (quoting *Spears* v. *Greiner*, 459 F. 3d 200, 203 (2d Cir. 2006)).

III. DISCUSSION

Petitioner argues that he is entitled to habeas relief on four grounds: (1) the failure of petitioner's trial attorney to investigate deprived petitioner of the effective assistance of counsel; (2) the trial attorney's additional failure to call unnamed witnesses deprived petitioner of the effective assistance of counsel; (3) not every police officer involved in the arrest testified at the pre-trial hearing or at trial; and (4) one officer testified to hearing the radio report of petitioner's trespass at different times at the pre-trial hearing and the trial. Respondent contends that petitioner's claims are unexhausted and otherwise meritless. For the following reasons, the Court concludes that petitioner is not entitled to habeas relief and denies the instant petition.

A. Procedural Requirements

1. Exhaustion

As a threshold matter, a district court shall not review a habeas petition unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Although a state prisoner need not petition for certiorari to the United

5

States Supreme Court to exhaust his claims, *see Lawrence* v. *Florida*, 549 U.S. 327, 333 (2007), he must fairly present his federal constitutional claims to the highest state court with jurisdiction over them, *see Daye* v. *Attorney Gen. of N.Y.*, 696 F.2d 186, 191 n.3 (2d Cir. 1982) (en banc). Exhaustion of state remedies requires that a petitioner "'fairly present[]' federal claims to the state courts in order to give the State the '"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Duncan* v. *Henry*, 513 U.S. 364, 365 (1995) (alteration in original) (quoting *Picard* v. *Connor*, 404 U.S. 270, 275 (1971)).

However, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard*, 404 U.S. at 275-76. On the contrary, to provide the State with the necessary "opportunity," the prisoner must fairly present his claims in each appropriate state court (including a state supreme court with powers of discretionary review), alerting that court to the federal nature of the claim and "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan* v. *Boerckel*, 526 U.S. 838, 845 (1999); *see also Duncan*, 513 U.S. at 365-66. "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Jones* v. *Keane*, 329 F.3d 290, 294-95 (2d Cir. 2003) (quoting *Dorsey* v. *Kelly*, 112 F.3d 50, 52 (2d Cir. 1997)). "Specifically [petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Daye*, 696 F.2d at 191-92 (collecting cases). Accordingly, "[t]he chief purpose of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id.* at 192.

2. State Procedural Requirements

Like the failure to exhaust a claim, the failure to satisfy the state's procedural requirements deprives the state courts of an opportunity to address the federal constitutional or statutory issues in a petitioner's claim. *See Coleman* v. *Thompson*, 501 U.S. 722, 731-32 (1991). "[A] claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Reyes* v. *Keane*, 118 F.3d 136, 140 (2d Cir. 1997) (quoting *Coleman*, 501 U.S. at 735) (emphasis omitted).

Where petitioner "can no longer obtain state-court review of his present claims on account of his procedural default, those claims are . . . to be deemed exhausted." *DiGuglielmo* v. *Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (first citing *Harris* v. *Reed*, 489 U.S. 255, 263 n.9 (1989); then citing *Grey* v. *Hoke*, 933 F.2d 117, 120 (2d Cir. 1991)). Therefore, '[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" *Keane*, 118 F.3d at 139 (quoting *Hoke*, 933 F.2d at 120).

However, "exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if petitioner procedurally defaulted [on] those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodward* v. *Ngo*, 548 U.S. 81, 93 (2006) (first citing *Gray* v. *Netherland*, 518 U.S. 152, 162 (1996); then

citing *Coleman*, 501 U.S. at 744-51)).

The procedural bar rule in the review of applications for writs of habeas corpus is based on the comity and respect that state judgments must be accorded. *See House* v. *Bell*, 547 U.S. 518, 536 (2006). Petitioner's federal claims may be procedurally barred from habeas corpus review if they were decided at the state level on adequate and independent grounds. *See Coleman*, 501 U.S. at 729-33. Once it is determined that a claim is procedurally barred under state rules, a federal court may still review such a claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. *Id.* at 750 (citations omitted). A miscarriage of justice is demonstrated in extraordinary cases, such as where a constitutional violation results in the conviction of an individual who is actually innocent. *Murray* v. *Carrier*, 477 U.S. 478, 296 (1986).

3. Analysis

The Court first considers whether petitioner adequately exhausted the claims in his current petition. As discussed above, in his habeas petition, petitioner argues: (1) the failure of petitioner's trial attorney to investigate deprived petitioner of the effective assistance of counsel; (2) the trial attorney's additional failure to call unnamed witnesses deprived petitioner of the effective assistance of counsel; (3) that not every police officer involved in the arrest testified at the pre-trial hearing or at trial; and (4) one officer testified to hearing the radio report of petitioner's trespass at different times at the pre-trial hearing and the trial. Because petitioner failed to raise any of these claims on direct appeal or in a Section 440 Motion, the Court concludes that these claims are both unexhausted and procedurally barred.

In the appeal of his conviction to the Second Department, the sole issue raised by petitioner was that "the evidence [at trial] was legally insufficient to prove that either police officer suffered a physical injury . . . as required for his conviction of two counts of assault in the second degree." *Dollison*, 24 N.Y.S.3d at 672 (citation omitted). Although this claim is now exhausted (as petitioner sought leave to appeal the decision of the Second Department to the New York Court of Appeals), this claim is not raised in the instant habeas petition.

Additionally, although petitioner did file a Section 440 Motion, the claims in the Section 440 Motion differ from those asserted in the instant petition. In the Section 440 Motion, petitioner generally claimed: "police/prosecutorial misconduct" and "defendant lack of competence," and further argued that his "counselor den[ied] motion(s) without client consent," "was inform[ed] that client ha[d] important documents so attorney/client can build a defense," and engaged in "unprofessional conduct." (Section 440 Motion at 1, 4.) The trial court construed the Section 440 Motion as "focus[ing] on the alleged shortcomings of his fourth and final attorney, and on this Court's denial of his pretrial motion to relieve that attorney," and denied the motion. (ECF No. 12-17.) Petitioner did not appeal his unsuccessful Section 440 Motion on any grounds, nor did petitioner attempt to challenge the state court's construction of his Section 440 Motion.

It is well settled that "[t]he burden of proving exhaustion lies with the habeas petitioner." *Cartagena v. Corcoran*, No. 04-CV-4329(JS), 2009 WL 1406914, at *3 (E.D.N.Y. May 19, 2009). As discussed above, to adequately exhaust each claim, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately

7

asserted in the habeas petition." *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005). "A petitioner may satisfy the exhaustion requirement either through a full round of the state's appellate review process or through a full round of postconviction proceedings . . . [which] requires the use of any discretionary appeal procedures that are an established part of the state's appellate or collateral review process." *Warren v. Goord*, No. 06-CV-1423(RRM), 2013 WL 1310465, at *11 (E.D.N.Y. Mar. 28, 2013) (internal quotation marks and citations omitted). Here, none of the claims raised in the instant petition have gone "through a full round of the state's appellate process or through a full round of postconviction proceedings," as these claims were not raised in either the direct appeal or in petitioner's Section 440 Motion.[8] *Id.* Therefore, the claims in the instant petition are not properly exhausted.

However, the district court may "deem [a] claim exhausted" when it finds that no available procedures remain in state court by which a petitioner can fully exhaust his claims. *See Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (citing *Reyes*, 118 F.3d at 139). Here, on direct appeal, petitioner did not raise his record-based claims that: his counsel was ineffective for allegedly failing to conduct pre-trial investigations and for failing to call unnamed witnesses, not every police officer involved in the arrest testified at a pre-trial hearing or at trial, and that one of the officer's testimony about the radio report of petitioner's testimony was allegedly inconsistent. Petitioner cannot return to the Appellate Division or the Court of Appeals to attempt to present these claims, as the time to perfect an appeal has passed, and defendants are afforded only one request for reargument or reconsideration in connection with a criminal leave application. *See* N.Y. Rules of Court §§ 670.8(f), 500.20(d).

Moreover, petitioner is procedurally barred from raising these claims in state court in a collateral proceeding. *See* CPL § 440.10(2)(c) ("[T]he court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him."). Therefore, he has procedurally defaulted on these claims. *See Finley v. Graham*, No. 12CV9055 (KMK) (PED), 2016 WL 47333, at *9 n.14 (S.D.N.Y. Jan. 4, 2016) ("[T]he Second Circuit has routinely held § 440.10(2)(c) to be an adequate and independent state ground that precludes federal habeas review." (collecting cases))

Petitioner has offered no explanation for his failure to properly raise these claims in state court, nor has he made a showing of prejudice or manifest injustice (such as actual innocence). *See Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 496. Therefore, all of his claims are procedurally barred.

Because petitioner shows no cause for or prejudice from the failure to raise the claim,

---

[8] Even assuming *arguendo* that petitioner's Section 440 Motion could be liberally construed to have raised any of the grounds raised in the instant petition, petitioner's claims would still be unexhausted because petitioner has failed to appeal his unsuccessful Section 440 Motion on any grounds. Further, petitioner never requested leave to appeal or reargue on the basis that the state court misconstrued his claims in the Section 440 Motion. *See Pesina* v. *Johnson*, 913 F.2d 53, 54 (2d Cir. 1990) (claims raised in Section 440 motion are not exhausted unless petitioner seeks leave to appeal any denial of the motion).

and failing to consider it will not result in a "fundamental miscarriage of justice," his claim cannot proceed. *Coleman*, 501 U.S. at 750.

B. Merits

In an abundance of caution, the Court concludes that, even assuming *arguendo* that petitioner's claims were properly exhausted in state court, habeas relief is not warranted.[9]

1. Ineffective Assistance of Counsel Claims

Petitioner argues that he was denied effective assistance of counsel because his attorney failed to (1) investigate "before pretrial" and (2) did not "have other witnesses to testify for defense." (Pet. at 4-5.) For the reasons set forth below, the Court concludes that these claims are without merit.

Under the standard promulgated by *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner is required to demonstrate two elements in order to state a successful claim for ineffective assistance of counsel: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

The first prong requires a showing that counsel's performance was deficient. However, "[c]onstitutionally effective counsel embraces a 'wide range of professionally competent assistance' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Greiner* v. *Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 690). "The performance inquiry examines the reasonableness of trial counsel's actions under all the circumstances," keeping in mind that a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Id.* at 9 (quoting *Rompilla* v. *Beard*, 545 U.S. 374, 408 (2005) (O'Connor, J., concurring)). "In assessing performance, [a court] must apply a 'heavy measure of deference to counsel's judgments.'" *Id.* (quoting *Strickland*, 466 U.S. at 691). "A lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has reasonable justification for the decision." *DeLuca* v. *Lord*, 77 F.3d 578, 588 n.3 (2d Cir. 1996). "Strategic choices made through investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 558 (quoting *Strickland*, 466 U.S. at 690). Moreover, "'strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *Id.* (quoting *Strickland*, 466 U.S. at 690-91).

The second prong focuses on prejudice to the petitioner. A petitioner is required to show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, "reasonable probability" means that the errors were of a magnitude such that they "undermine . . . confidence in the [proceeding's] outcome." *Pavel* v. *Hollins*,

---
[9] A majority of district courts in the Second Circuit dismiss unexhausted habeas claims on the merits if they are "patently frivolous" and/or fail to raise a federal question. *See Wheeler* v. *Phillips*, No. 05-CV-4399 (JFB), 2006 WL 2357973, at *5 (E.D.N.Y. Aug. 15, 2006) (collecting cases).

261 F.3d 210, 216 (2d Cir. 2001) (quoting *Strickland*, 466 U.S. at 694). "[T]he question to be asked in assessing the prejudice from counsel's errors . . . is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Henry* v. *Poole*, 409 F.3d 48, 63-64 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 695). The party alleging ineffective assistance of counsel bears the burden of establishing both deficient performance and prejudice. *United States* v. *Birkin*, 366 F.3d 95, 100 (2d Cir. 2004).

For the reasons discussed below, assuming *arguendo* that petitioner's claims of ineffective assistance of counsel are not procedurally barred, the Court concludes that petitioner has failed to demonstrate that counsel's performance was unreasonable under *Strickland*.

> a. Failure to Conduct Pretrial Investigation

Petitioner argues that trial counsel was ineffective for failing to conduct pretrial investigations. The Court disagrees.

Failure to conduct adequate pretrial investigations may serve as the basis for ineffective assistance of counsel claims. *See Strickland*, 466 U.S. at 690-91. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. The reasonableness of counsel's decision to not investigate must be assessed in light of the totality of the circumstances. *Id.* There is a "heavy measure of deference" afforded to counsel's judgments. *Id.*

To prevail on an ineffective assistance claim for counsel's alleged failure to investigate, a petitioner has the "burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Taylor v. Poole*, No. 07 Civ. 6318(RJH)(GWG), 2009 WL 2634724, at *14 (S.D.N.Y. Aug. 27, 2009). "[V]ague, conclusory, or speculative claims" will not suffice. *Id.* Furthermore, when counsel's alleged failure to investigate includes potential witnesses, "the petitioner must demonstrate that the witnesses would have testified at trial and explain the expected nature of the witnesses' testimony." *Id.* at *15.

Here, in support of his claim that counsel failed to conduct sufficient pretrial investigation, petitioner states only that he had "seen attorney twice in court pretrial" and that he had "request[ed[ to dismiss attorney Gregory Madey and reasons on record Judge threating [sic] either take attorney assign or go pro se. Client had little knowledge of case." (Pet. 4.) Petitioner makes no specific arguments as to what specifically was deficient with respect to counsel's pretrial investigation, nor does petitioner make any assertions as to what a "sufficient" investigation would have produced. Thus, petitioner's "bald assertion that counsel should have conducted a more thorough pre-trial investigation fails to overcome the presumption that counsel acted reasonably." *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995); *see Paige v. Lee*, 99 F. Supp. 3d 340, 349-50 (E.D.N.Y. 2015) ("Because Petitioner's claim of ineffective assistance of counsel based on failure to investigate is simply too vague and conclusory to state a proper ground for habeas relief under either *Strickland* prong, it must be dismissed as meritless."); *see Madarikan v. United States*, No. 95 CV 2052(SJ), 1997 WL 597085, at *1 (E.D.N.Y. Sept. 24, 1997) (denying an ineffective assistance claim because petitioner's allegations were "conclusory, and g[a]ve no indication as to what exculpatory evidence may have been revealed").

Additionally, to the extent petitioner is

10

attempting to challenge the trial court's decision denying his request for new counsel in this Court, that claim is both unexhausted and meritless. The trial court denied petitioner's Section 440 Motion, concluding that "the jailhouse boilerplate the defendant had submitted failed to establish good cause for relieving the defendant's fourth court-appointed counsel . . . [and] the conclusory statements the defendant makes in his [Section 440 Motion] do no better." (Order Denying Section 440 Motion, ECF No. 12-17, 1.) Petitioner did not appeal this decision.

In any event, the Court concludes that any attempt by petitioner to challenge the denial of his motion to relieve his fourth court-appointed counsel is meritless.[10] "While the Sixth Amendment guarantees a right to competent court-appointed counsel in criminal cases, 'a trial court may require a defendant to proceed to trial with counsel not of defendant's choosing.'" *United States v. Culbertson*, 670 F.3d 183, 192-93 (2d Cir. 2012), *as amended* (Feb. 16, 2012) (quoting *United States v. Oberoi*, 547 F.3d 436, 458 (2d Cir. 2008)). In particular, when "the court has already replaced counsel more than once, and the case approaches trial, it is reasonable for the court to require an intractable defendant either to proceed with the current appointed lawyer, or to proceed *pro se*." *Id.*

Here, petitioner was given the opportunity to proceed *pro se*, and elected not to, and has again failed to assert any grounds as to why his counsel should have been relieved, or why the trial court erred in denying his motion for the court to appoint a fifth attorney for him. Thus, given that petitioner was offered the opportunity to proceed *pro se* and declined to do so, and asserts no other grounds for why his request for new counsel was improperly denied, the Court concludes that this claim is meritless.

Moreover, petitioner fails to establish prejudice as a result of counsel's alleged failure to investigate or alleged improper denial of his request for new counsel, and any attempt to do so would be futile in light of the overwhelming evidence of petitioner's guilt, including the testimony of three police officers regarding petitioner's apprehension and arrest, as well as the video footage of petitioner at the scene of the trespass. *See Gersten v. Senkowski*, 426 F.3d 588, 611 (2d Cir. 2005); *United States v. Reiter*, 897 F.2d 639, 645 (2d Cir. 1990).

b. Failure to Call Witnesses

Petitioner also alleges that his counsel was ineffective for failing to call unnamed witnesses to testify on his behalf at trial. The Court disagrees.

"Courts applying *Strickland* are especially deferential to defense attorneys' decisions concerning which witnesses to put before the jury. The decision not to call a particular witness is typically a question of trial strategy that reviewing courts are ill-suited to second-guess." *Greiner v. Wells*, 417 F.3d 305, 323 (2d Cir. 2005) (internal citations and quotation marks omitted). Thus, "a petitioner's speculative claim about the testimony of an uncalled witness is accorded little weight in federal habeas review." *Morgan v. Lee*, No. 10-CV-3954 (NGG)(RER), 2012 WL 12324986, at *6 n.10 (E.D.N.Y. Aug. 8, 2012) (quoting *Muhammad v. Bennett*, No. 96-CV-8430 (JSR)(HBP), 1998 WL 214884, at *1

---

[10] The Court notes that petitioner does not claim in the instant petition (or elsewhere) that he was denied the opportunity to represent himself. In fact, petitioner asserts in the instant habeas petition that the trial judge informed him that he could either keep his appointed attorney or "go pro se." (Pet. 4.)

11

(S.D.N.Y. Apr. 29, 1998)).

Here, petitioner claims that his attorney did not have witnesses to testify in defendant's favor, alleging only that "there was a sheet for pretrial/trial for witnesses [sic] that didn't come as client request about the list." (Pet. 4) Petitioner's conclusory allegations regarding his counsel's alleged failure to call witnesses in his defense is unsupported by any factual allegations as to the identities of any such witnesses or what exculpatory testimony they would have offered, and are therefore meritless. *See Miller v. Boucaud*, No. 09-CV-6598(MAT), 2012 WL 3262426, at *8-9 (W.D.N.Y. Aug. 8, 2012) (holding counsel was not deficient for failing to investigate potential witnesses in part because petitioner failed to produce sworn statements from potential witnesses regarding their alleged exculpatory testimony); *Brito v. Brown*, No. 09 Civ. 5754(JGK), 2011 WL 1542516, at *9-11 (S.D.N.Y. Apr. 21, 2011) (holding counsel's decision not to investigate or present at trial three specific witnesses was not objectively unreasonable because petitioner failed to demonstrate that they possessed exculpatory evidence); *Ortiz v. Heath*, No. 10-CV-1492 (KAM), 2011 WL 1331509, at *11-12 (E.D.N.Y. Apr. 6, 2011) (finding counsel's failure to investigate potential witnesses not unreasonable because petitioner provided no indication as to whether they would have testified and what, if any, exculpatory evidence they could have offered). Therefore, because petitioner provides no indication that any uncalled witnesses would have produced exculpatory evidence, the Court concludes that petitioner has not satisfied the first prong of *Strickland*.

Moreover, as discussed *supra* with regard to petitioner's other ineffective assistance claim, petitioner fails to establish prejudice as a result of counsel's alleged failure to identify and call witnesses to testify on behalf of petitioner, and any attempt to do so would be futile in light of the overwhelming evidence of petitioner's guilt. *See Gersten*, 426 F.3d at 611; *Reiter*, 897 F.2d at 645.

### 2. Claim Regarding Police Officer Witnesses

Petitioner alleges that not every officer involved in his arrest testified at either the pre-trial hearing or trial, and therefore habeas relief is warranted. (Pet. at 5.) The Court disagrees.

It is well-established that "the Government need not call every witness who might have something to say." *United States v. Simmons*, 338 F.2d 804, 806 (2d Cir. 1964); *see Funches v. Walsh*, No. 05 CIV. 2839 (NRB), 2006 WL 1063287, at *14 (S.D.N.Y. Apr. 21, 2006), *aff'd*, 264 F. App'x 45 (2d Cir. 2008) ("Surely, a prosecutor is not obligated to call every possible witness."). Thus, petitioner's conclusory claim that the other two officers involved in his arrest should have testified at either the pre-trial suppression hearing or at trial is meritless, as the government had no obligation to call those witnesses in order to prove the case against petitioner. *See United States v. Danzey*, 594 F.2d 905, 916 (2d Cir. 1979) ("[T]he testimony of a single, uncorroborated eyewitness is generally sufficient to support a conviction.")[11] Thus, the Court concludes this ground for relief is without merit.

### 3. Claim Regarding Officer Gibbs' Testimony

Petitioner further asserts that Officer

---

[11] To the extent petitioner seeks to make an argument relating to a missing witness instruction, any such argument is unavailing as petitioner was convicted after a bench trial.

Gibbs' testimony was inconsistent as between the pre-trial suppression hearing and the trial. (Pet. 5.) The Court agrees with respondent that Officer Gibbs' testimony was not inconsistent, and even if the testimony was inconsistent, this would not be a valid ground for habeas relief.

At the pre-trial suppression hearing, on direct examination, Officer Gibbs was asked, "Directing your attention to approximately 8:52 p.m. that day . . . [w]hat, if anything, happened?" (H. 27.) Officer Gibbs responded that he was "in the station house doing paperwork and a radio call came out for an alarm that was in Valley Stream . . . ." (*Id.*) Later in his direct examination, Officer Gibbs clarified that he responded to the radio call notification for the alarm around 8:15 or 8:20 p.m. (*Id.* at 30.) At trial, Officer Gibbs testified that he received the notification about the alarm at 8:15 p.m. (T. 30.) Thus, although Officer Gibbs did initially respond in the affirmative that he received the notification about the alarm around 8:52 p.m., Officer Gibbs later clarified that the notification was received around 8:15 p.m., and repeated that testimony during trial.

However, even assuming *arguendo*, that Officer Gibbs' testimony regarding the time that he received the notification of the alarm was inconsistent, the Court concludes that habeas relief is not warranted on this ground. "In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference." *People v. Van Akin*, 602 N.Y.S.2d 450, 450 (4th Dep't 1993); *see also United States v. Rojas*, 458 F.2d 1355, 1356 (9th Cir. 1972) ("It [is] for the trial judge, as finder of fact, to assess the weight and credibility of the witnesses' testimony."). The trial court's findings of fact may not be set aside unless they are clearly erroneous. *United States v. Abel*, 258 F.2d 485, 494 (2d Cir. 1958), *aff'd*, 362 U.S. 217 (1960).

Here, the trial judge (who also conducted the suppression hearing) had the opportunity to evaluate the testimony of Officer Gibbs both at the suppression hearing and at trial, and was responsible for assessing the weight and credibility of Officer Gibbs' testimony as the finder of fact. Given the deference owed to the trial judge's credibility determination, as well as the consistency between: (1) Officer Gibbs' testimony later at the pre-trial suppression hearing and his testimony during trial (2) Officer Gibbs's testimony and that of Officer Neubia; and (3) Officer Gibbs' testimony and the timeline of the evening in question testified to by Officer Henry, the Court concludes that even assuming Officer Gibbs' testimony was inconsistent (which the Court concludes it was not), the trial judge's determination of guilt was not clearly erroneous, and thus habeas relief is unwarranted on this ground.

## IV. CONCLUSION

For the reasons set forth herein, the Court finds that petitioner has demonstrated no basis for habeas relief under 28 U.S.C. § 2254. Accordingly, this petition for a writ of habeas corpus is denied in its entirety. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall close this case.

SO ORDERED.

JOSEPH F. BIANCO
United States Circuit Judge (sitting by designation)

Dated: August 2, 2019
Central Islip, New York

\* \* \*

Petitioner proceeds *pro se*. Respondent is represented by William T. Hughes, Assistant District Attorney, Nassau County District Attorney's Office, 262 Old Country Road, Mineola, NY 11501.